THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MFG UNIVERSE CORP., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NEXT GEN LED, INC., *et al.*, <br><br> Defendants. | CASE NO. C21-0742-JCC <br><br> ORDER |

This matter comes before the Court on Defendants Andrew Myers, Joe Visintainer, Dave Inman, and Scott Schneider's (collectively, the "Individual Defendants") motion to dismiss, or in the alternative, for a more definite statement. (Dkt. No. 48.)[1] Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons described herein.

I.   **BACKGROUND**

Plaintiffs allege that Defendant Next Gen LED, Inc. ("Next Gen") and Plaintiff MFG Universe Corporation ("MFG") formed a manufacturing agreement in 2017 whereby Next Gen agreed, among other things, to purchase lighting products from MFG. (Dkt. No. 47 at 3.) In

---

[1] Prior to filing of the Second Amended Complaint, the Clerk entered default against Defendant Next Gen LED, Inc., (*see* Dkt. No. 41), which Plaintiffs have not yet sought judgment on, and Plaintiffs voluntarily dismissed Defendant Melissa Diaz, (*see* Dkt. No. 44). As a result, the Individual Defendants are the only defendants presently contesting Plaintiffs' claims.

2018, MFG extended a $700,000 line of credit ("LOC") to Next Gen, with Next Gen CEO, Andrew Myers, personally guaranteeing repayment. (*Id.* at 3–4.) Next Gen then ordered $519,759.00 of product on credit from MFG. (*Id.* at 4.) It only made partial repayment, though, defaulting on a balance of $262,168.97. (*Id.* at 4.) Mr. Myers attempted to repay some of it by sending MFG's owner, Plaintiff Paul Koo, 25 shares of Next Gen's stock, which Mr. Myers purported to be worth $50,000. (*Id.*) However it is not clear from the operative Second Amended Complaint ("SAC") or subsequent briefing whether Mr. Koo or MFG actually accepted this stock in exchange for a portion of the outstanding debt. (*See generally id.*)

MFG alleges that, as of April 2021, Next Gen was still in default on the outstanding LOC balance and accrued $202,310.13 in unpaid interest (*Id.* at 7.) MFG sued Next Gen and the Individual Defendants for: (1) breach of contract; (2) conversion; (3) breach of fiduciary duties; (4) Washington Consumer Protection Act ("CPA") violations; and (5) fraudulent transfers. (Dkt. No. 53 at 7–13.) In doing so, Plaintiffs seek to hold the Individual Defendants personally liable for all claims under the responsible corporate officer doctrine, piercing the corporate veil, and/or the alter ego theory. (*See id.*)

The Individual Defendants move to dismiss or, in the alternative, for a more definitive statement of the allegations supporting these causes of action. (*See generally* Dkt. No. 48). They argue that the SAC improperly lumps together each defendant as to counts (1), (2), and (3), fails to meet Rule 9(b)'s specificity requirement as to counts (4) and (5), and does not allege facts entitling Plaintiff to recovery under any of the claims.

II.   **DISCUSSION**

    A.   **Legal Standard**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678; see *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (explaining that *Iqbal's* plausibility requirement applies equally to claims subject to Rule 9). When reviewing a Rule 12(b)(6) motion, the Court accepts factual allegations in the complaint as true and draws all reasonable inferences in favor of the non-movant. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, this does not mean that the Court must accept legal conclusions as sufficient factual allegations. *Id*.

Alternatively, if a pleading is so vague or ambiguous that the responding party cannot reasonably prepare a response, that party may move for a more definite statement. Fed. R. Civ. P. 12(e). The Court has wide discretion "to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact." *Warth v. Seldin*, 422 U.S. 490, 501–02 (1975). A Rule 12(e) motion attacks unintelligibility; therefore, it is proper only where the complaint is so indefinite that a defendant cannot ascertain the nature of the claim being asserted. See *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).

### B. Plaintiffs' Conversion Claim Fails as a Matter of Law

Conversion requires the wrongful receipt of money or property. *Pub. Util. Dist. No. 1 of Lewis Cnty. v. Wash. Pub. Power Supply Sys.*, 705 P.2d 1195, 1211 (Wash. 1985), *modified,* 713 P.2d 1109 (Wash. 1986). Nothing in the SAC suggests that the Individual Defendants, or for that matter Next Gen, wrongfully received property or funds associated with the LOC, only that they did not satisfy the resulting obligation. (*See generally* Dkt. No. 47.) Therefore, dismissing the conversion claim with prejudice is warranted, as further amendment would be futile. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

### C. Group Pleading

Except in a few instances, the SAC treats the Individual Defendants as an undifferentiated mass. (*See, e.g.*, Dkt. No 47 at 8–10.) It does not make sufficient particularized allegations for each to satisfy pleading standards for the remaining causes of action. This alone is

a basis for dismissal.

Moreover, the SAC's application of Washington law is faulty. For example, it asserts that the Individual Defendants are personally liable for Next Gen's conduct, so long as any knew or approved of the allegedly wrongful conduct. (*See* Dkt. No. 47 at 7–9.) That is not the standard. The doctrine only applies where the individual is *personally* responsible for the conduct at issue. *See State v. Arlene's Flowers, Inc.*, 441 P.3d 1203, 1237 (Wash. 2019). Nor does the SAC describe the requisite unified affairs necessary to disregard Next Gen's separate existence. *See Grayson v. Nordic Constr. Co., Inc.,* 599 P.2d 1271, 1273–74 (Wash. 1979); *see also Ferrie v. Woodford Research, LLC*, 2020 WL 3971343, slip op. at 8 (W.D. Wash. 2020) (rejecting alter ego theory based on "conclusory" allegations contained in an "'[u]ndifferentiated pleading against multiple defendants") (quoting *Steinley v. Health Net, Inc.*, 2018 WL 6985318, slip op. at 5 (C.D. Cal. 2018)). And finally, regarding the veil-piercing theory, the SAC fails to allege how each of the Individual Defendants used Next Gen to evade or violate their own duties. *See Meisel v. M & N Modern Hydraulic Press Co.*, 645 P.2d 689, 692 (Wash. 1982).

### D.     Remaining Causes of Action

Even if the SAC had clearly articulated actionable conduct on the part of each of the Individual Defendants, and appropriately applied Washington law, substantive infirmities with some of the SAC's claims remain.

#### 1.     Breach of Fiduciary Duty

In as much as the Court can glean, it appears that the SAC is attempting to bootstrap a breach of fiduciary duty claim based on Next Gen's alleged breach of contract with MFG. (*See* Dkt. No. 47 at 11.) This is not permissible. *See Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1039 (Del.[2] 2004) (explaining that shareholder claims fail if the rights purported to

---

[2] The Court analyzed this issue under Delaware law because, in a shareholder action such as this, the law of the state of incorporation ordinarily controls. *See Meland v. WEBER*, 2 F.4th 838, 848 (9th Cir. 2021) (citing *Kamen v. Kemper Fin. Services, Inc.,* 500 U.S. 90 (1991)).

give rise to an injury are unfounded in fiduciary obligations).

### 2. CPA Violation

In determining whether a private dispute such as this one sufficiently impacts the public interest, the Court must consider whether: (a) the alleged act or acts were committed in the course of Next Gen's business, (b) Next Gen advertised to the public in general; (c) Next Gen actively solicited to MFG, and (d) MFG and Next Gen occupy unequal bargaining positions. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 538 (Wash. 1986). The SAC is silent on the last three items. (*See generally* Dkt. No. 47.)

### 3. Fraudulent Transfer

To support a claim for fraudulent transfer, a complaint must allege facts supporting the following: a debtor's intent, an unequal exchange favoring the debtor, that the debtor's assets are unreasonably small in comparison to the exchange, and that the debtor lacks the ability to pay. *See* RCW 19.40.041. While Plaintiffs briefing—but not its pleading—contains some of these allegations, (*see* Dkt. No. 47 at 4–6), the Court cannot consider them on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). Further, to the extent that Plaintiffs' causes of action sound in fraud, Rule 9 requires additional allegations. Specifically, Plaintiffs must "state with *particularity* the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). This requires alleging the "who, what, when, where, and how" of the fraud. *Cafasso*, 637 F.3d 1055. The SAC does not meet this standard.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss and/or for a definite statement (Dkt. No. 48) is GRANTED in part and DENIED in part. Plaintiffs' conversion cause of action against the Individual Defendants is DISMISSED with prejudice. The remaining claims are

---

However, neither party addressed this issue in their briefing and, to the extent Plaintiffs file a TAC and the Individual Defendants renew their Rule 12(b)(6) motion, the Court directs the parties to squarely address this issue.

1  DISMISSED without prejudice and with leave to amend. Plaintiffs have 30 days from the date of
2  this order to file a Third Amended Complaint.

4        DATED this 1st day of August 2022.

                                                    John C. Coughenour
                                                    UNITED STATES DISTRICT JUDGE