THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MFG UNIVERSE CORP., *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>NEXT GEN LED, INC., *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. C21-0742-JCC<br><br>ORDER |

This matter comes before the Court on Defendants Andrew Myers,[1] Joe Visintainer, Dave Inman, and Scott Schneider's (collectively, the "Individual Defendants") motion to dismiss Plaintiffs' Third Amended Complaint ("TAC") (Dkt. No. 56). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons described herein.

I.   **BACKGROUND**

The Court previously described the allegations contained in the Second Amended Complaint ("SAC") (Dkt. No. 47), and will not repeat them here. (*See* Dkt. No. 54.) The TAC incorporates those allegations, adds new allegations, and two new causes of action. (*See generally* Dkt. No. 55.) The new allegations are claim-specific and separately stated against each

---

[1] The spelling of Mr. Myers' surname varies throughout the parties' filings. "Myers" will be used throughout this order. The Court means no disrespect if this is not an accurate spelling.

ORDER
C21-0742-JCC
PAGE - 1

of the Individual Defendants, except for a declaration from Plaintiff Paul Koo, incorporated into the TAC, describing conduct by all. (*See* Dkt. Nos. 55 at 7–38, 55-1.) The Individual Defendants again move to dismiss, arguing that the TAC (a) fails to state the claims asserted and (b) adds causes of action without the requisite authorization to do so. (*See generally* Dkt. No. 56.)

## II. DISCUSSION

### A. Additional Claims

As a preliminary matter, the Court agrees that Plaintiffs lack the necessary leave to add claims. *See* Fed. R. Civ. P. 15(a)(2). When the Court granted Plaintiffs leave to amend the SAC, it did so *solely* with respect to the "remaining claims" stated in the SAC (after dismissal of the conversion claim). (Dkt. No. 54 at 5–6.) Neither a breach of implied covenant of good faith and fair dealing nor an unjust enrichment claim were stated in the SAC. (*See generally* Dkt. No. 47). Because Plaintiffs did not independently seek leave to add either claim, they are DISMISSED.

### B. Rule 12(b)(6) Motion

To survive the Rule 12(b)(6) motion on the remaining claims, the TAC "must contain sufficient factual matter, accepted as true, to state [] claim[s] . . . plausible on [their] face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Meaning, it must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In reviewing the Individual Defendants' motion, the Court accepts factual allegations in the complaint as true and draws all reasonable inferences in Plaintiffs' favor. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). This does not mean, though, that the Court must accept legal conclusions as factual allegations. *Id*.

As the Court previously indicated, because default has already been entered against Defendant Next Gen LED, Inc., only the Individual Defendants are contesting Plaintiffs' claims. (*See* Dkt. No. 54 at 1 n.1.) And unlike the SAC, which suggested a variety of mechanisms ascribing personal liability to those persons, (*see* Dkt. No. 54 at 4), the TAC focuses on one—the "Responsible Corporate Officer Doctrine." (*See* Dkt. Nos. 55 at 8–10, 15–19, 23–27, 31–35; 57

at 3–4.) Under the Doctrine, "[i]f a corporate officer participates in [] wrongful conduct, or with knowledge approves of the conduct, then the officer, as well as the corporation, is liable for the penalties." *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 553 P.2d 423, 439 (Wash. 1976) (*citing Johnson v. Harrigan-Peach Land Dev. Co.*, 489 P.2d 923, 928 (Wash. 1971) (explaining that "an officer of a corporation who takes no part whatever in a tort committed by the corporation is not personally liable to third persons for such tort but . . . this immunity vanishes if such corporate officer knowingly participated in, cooperated in the doing of, or directed that the acts be done.")).

The allegations contained in the TAC vary. With respect to Defendant Andrew Myers, they are detailed, specific, and describe affirmative conduct generally supporting the TAC's claims. (*See* Dkt. Nos. 55 at 3–15, 55-1.) Those allegations include that Mr. Myers (a) personally negotiated Next Gen's contract with Plaintiffs while knowingly misrepresenting Next Gen's financial condition; (b) affirmatively decided to overextend the organization financially; and (c) similarly made the decision for Next Gen to renege on its agreement with Plaintiffs, even going so far as to inform Plaintiffs of his intent to do so. (*Id.*) Mr. Myers also acted as surety and/or personal guarantor for the resulting obligation. (Dkt. No. 55 at 4.)

The Individual Defendants contend these allegations are not sufficient to trigger the Responsible Corporate Officer Doctrine, at least for purposes of a breach of contract claim against Mr. Myers, based on the lack of a "public danger" from the alleged conduct. (*See* Dkt. No. 56 at 4 (citing *State v. Arlene's Flowers, Inc.*, 441 P.3d 1203, 1237 (Wash. 2019)).) While, admittedly, courts more frequently apply the Doctrine in such contexts, the Individual Defendants point to no controlling authority *requiring* this component. Indeed, the Washington Court of Appeals recently applied it to tortious activity lacking a clear public impact. *See R.N. v. Kiwanis Intl.*, 496 P.3d 748, 760 (Wash. Ct. App. 2021). Therefore, it stands to reason that the Doctrine would apply equally to business dealings. And it is unquestioned that it applies to violations of Washington's Consumer Protection Act ("CPA"). *See State v. Arlene's Flowers,*

ORDER
C21-0742-JCC
PAGE - 3

*Inc.*, 441 P.3d 1203, 1237 (Wash. 2019). For these reasons, the Court FINDS that the TAC adequately states claims against Mr. Myers for breach of contract,[2] CPA violations, and violations of the Voidable Transactions Act.[3]

For the remaining Defendants, the TAC alleges that each was in a position to know of Next Gen's and/or Mr. Myers' unlawful conduct, and do something about it, but failed to act. (*See* Dkt. No. 55 at 15–38, 55-1.) Whether this is sufficient to trigger the Doctrine is much more questionable. The cases Plaintiffs cite either do not stand for this proposition, are distinguishable to this case, are not controlling, or all of the above.[4] (*See* Dkt. No. 55 at 8–9.) The Individual Defendants make this very point. (*See* Dkt. No. 56 at 4.) Yet Plaintiffs fail to adequately address it on reply. (*See generally* Dkt. No. 57.) Instead, their brief overstates the authority and allegations contained within the TAC. (*See id.* at 3–5.) Therefore, the Court is left to conclude that the Doctrine does not apply to the remaining Individual Defendants, as pleaded. As a result, all claims against the remaining Individual Defendants are DISMISSED.

**C.    Further Amendment**

Finally, the Court FINDS the dismissals noted above should be *with* prejudice. First, Plaintiffs do not ask the Court for further leave to amend. (*See generally* Dkt. No. 57.) Second, such amendment would not be appropriate here, given the resulting undue delay, Plaintiffs'

---

[2] The parties debate whether the breach of contract claim, as alleged in the TAC, also encompasses Mr. Myers' guarantor agreement. (*Compare* Dkt. No. 56 at 4, *with* Dkt. No. 57 at 5.) The Court FINDS that the TAC adequately states a claim for breach of this agreement as well, separate and apart from Next Gen's agreement with Plaintiffs.

[3] To the extent the claims are subject to Rule 9, the Court FINDS that the TAC alleges with adequate specificity the conduct by Mr. Myers supporting these claims.

[4] The TAC is replete with legal citation not repeated in Plaintiff's brief opposing the motion, (*compare* Dkt. No. 55, *with* Dkt. No. 57), which includes the following: *Arlene's Flowers, Inc.*, 441 P.3d at 1237; *U.S. v. Park*, 421 U.S. 658, 674 (1975); *U.S. v. Pollution Abatement Services of Oswego, Inc.*, 763 F.2d 133, 135 (2d Cir. 1985); *State of N.Y. v. Shore Realty Corp.*, 759 F.2d 1032, 1052 (2d Cir. 1985); *U.S. v. Gulf Park Water Co., Inc.*, 972 F. Supp. 1056, 1064 (S.D. Miss. 1997); *State, Dept. of Ecology v. Lundgren*, 971 P.2d 948, 953 (Wash. Ct. App. 1999).

repeated failure to cure deficiencies previously identified, the likely prejudice to the Individual Defendants other than Mr. Myers, and the anticipated futility of such an amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The bottom line is this: Plaintiffs filed their original complaint more than 16 months ago, (*see* Dkt. No. 1), and it is now time for this case to move forward.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 56) is GRANTED in part and DENIED in part. The Court ORDERS as follows:

- The **Breach of the Implied Covenant of Good Faith and Fair Dealing claim** is DISMISSED with prejudice;
- The **Unjust Enrichment claim** is DISMISSED with prejudice;
- **All claims against Defendants Joe Visintainer, Dave Inman, Scott Schneider and their marital estates** are DISMISSED with prejudice; and
- If not already completed, the parties must hold the Rule 26(f) conference, submit initial disclosures, and file the joint status report previously ordered in Docket Number 42 within 14 days of this Order.

DATED this 14th day of October 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE